

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 4, 1939

Mr. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

        Opinion No. O-727
        Re: Should the salaries of the road
           superintendent of McLennan County
           and his assistant and the general
           office expenses be paid out of
           the general fund of the county
           or out of the road and bridge
           fund?

        Your request for an opinion on the above stated question has been received by this office.

        Sections 1 and 2 of the McLennan County Special Road Law, Chapter 84, page 70, Acts of the 41st Legislature, First Called Session, reads as follows:

        "Sec. 1. The county commissioners' court of McLennan County, Texas, shall at a regular session, or called meeting thereof, within ninety days after the passage and taking effect of this act, employ a county road superintendent for McLennan County. Said superintendent shall have charge of all public highway construction, and maintenance, together with the building of bridges, and culverts in McLennan County, Texas.

        "Sec. 2. Said road superintendent shall be a graduate civil engineer, experienced and skilled in highway construction and shall receive as salary for his services the sum of not less than Twenty-five Hundred ($2500.00) Dollars, nor more than Six Thousand ($6000.00) Dollars per annum, payable monthly out of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

general fund of McLennan County upon warrants drawn by the county judge, or chairman of the commissioners' court of said county."

Section 2 of the Special Road Law of McLennan County, supra, specifically provides that the salary of the road superintendent shall be paid out of the general fund of McLennan County. The statutes make no special provisions as to what fund, out of which, the salaries of the assistants of the road superintendent and his office expense should be paid. Therefore, in the absence of any statutory authority, authorizing the payment of the salaries of assistants of the road superintendent and his office expenses out of any particular fund the same should be paid out of the general fund of the county.

You are respectfully advised that it is the opinion of this Department that the salaries of the road superintendent of McLennan County and his assistants and his office expenses should be paid out of the general fund of McLennan County.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed) Ardell Williams
Ardell Williams
Assistant

AW:AW

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

NJF